TAD/DG:AJE
F. #2021R00825

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

SI CI ZHU,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INFORMATION

Cr. No. 22-CR-14 (RJD)
(T. 18, U.S.C., §§ 371, 982(a)(7), 982(b)(1) and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE UNITED STATES CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I. Background

    A. The Medicare and Medicaid Programs

        1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.    Medicare was divided into multiple parts. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare. Medicare beneficiaries could obtain Part D benefits in two ways: (a) by joining a prescription drug plan, which covered only prescription drugs, or (b) by joining a Medicare Advantage Plan, which covered both prescription drugs and medical services (collectively, "Part D Plans"). These Part D Plans were

operated by private companies, often referred to as drug plan "sponsors," that were approved by Medicare.

3. The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were similarly referred to as Medicaid "beneficiaries."

4. In New York State, Medicaid provided coverage to its beneficiaries for prescription drugs. Medicaid beneficiaries could obtain their prescription drug benefits from pharmacies either through "fee-for-service" enrollment or through "Medicaid Managed Care Plans," which were administered by private insurance companies that were paid by Medicaid.

5. Medicare, Part D Plans, Medicaid and Medicaid Managed Care Plans each qualified as a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

B. The Defendant and Relevant Individuals and Entities

6. The defendant SI CI ZHU resided in Brooklyn, New York and Staten Island, New York.

7. Pharmacy 1 and Pharmacy 2, companies the identities of which are known to the United States, were pharmacies located in Brooklyn, New York (together, the "Scheme Pharmacies"). Pharmacy 1 was registered as a pharmacy establishment with the State of New York since approximately September 2008, and Pharmacy 2 was so registered since approximately March 2016. The defendant SI CI ZHU was an owner and officer of the Scheme

2

Pharmacies. Among other things, ZHU was responsible for signing checks on behalf of the Scheme Pharmacies.

8. Clinic 1, an entity the identity of which is known to the United States, was a medical practice located near the Scheme Pharmacies in Brooklyn, New York.

9. Co-Conspirator 1, an individual whose identity is known to the United States, was an employee of Clinic 1.

10. Individual 1, an individual whose identity is known to the United States, was listed as an owner and officer of the Scheme Pharmacies in registration materials filed with the New York State Board of Pharmacy, but Individual 1 was generally not involved in the operations or decision-making of the Scheme Pharmacies. Individual 1 was Co-Conspirator 1's former spouse.

11. Doctor 1, an individual whose identity is known to the United States, was a physician who worked at Clinic 1 in or about and between at least 2019 and 2021.

12. Company 1, an entity the identity of which is known to the United States, was a company owned by a relative of Doctor 1.

II. The Kickback Scheme

13. In or about and between January 2010 and January 2021, the defendant SI CI ZHU, together with others, agreed to offer and pay illegal kickbacks to individuals associated with Clinic 1.

14. In particular, in order to generate business and obtain referrals of customers, the defendant SI CI ZHU, together with others, agreed to pay Co-Conspirator 1 and Doctor 1 in exchange for the referral of beneficiaries to the Scheme Pharmacies.

15. In furtherance of the scheme, the defendant SI CI ZHU, together with others, signed checks drawn on the Scheme Pharmacies' bank accounts and made payable to

Individual 1, as purported wages and salary, and to Company 1. ZHU and others made these payments in exchange for the referral of Medicare and Medicaid beneficiaries to the Scheme Pharmacies.

### CONSPIRACY TO OFFER AND PAY HEALTH CARE KICKBACKS

16. The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between January 2010 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SI CI ZHU, together with others, did knowingly and willfully conspire to offer and pay kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, to persons to induce such persons to refer Medicare and Medicaid beneficiaries to the Scheme Pharmacies for the furnishing and arranging for the furnishing of services and items for which payment may have been made in whole and in part under Part D Plans, Medicaid and Medicaid Managed Care Plans, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(A).

18. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant SI CI ZHU, together with others, committed and caused the commission of, among others, the following:

### OVERT ACTS

(a) On or about April 18, 2018, ZHU signed a check written from a bank account held in the name of Pharmacy 2 and made payable to Individual 1 in the amount of $83,953.

4

(b) On or about September 4, 2020, ZHU signed a check written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $28,932.

(c) On or about September 18, 2020, ZHU signed a check written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $30,728.

(d) On or about September 21, 2020, ZHU signed a check written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $3,000.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

19. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

      (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F.#: 2021R00825
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

SI CI ZHU,

Defendant.

# INFORMATION

(T. 18, U.S.C. §§ 371, 982(a)(7), 982(b)(1) and 3551 et seq.; T. 21, U.S.C. § 853(p)))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Andrew Estes, Trial Attorney (718) 254-6250*